UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BARBARA CAMPBELL,<br>　　　Plaintiff | :<br>:<br>: |
| v. | : Civil Action No.: 3:03 CV 0520 (JCH) |
| WINDHAM COMMUNITY MEMORIAL<br>HOSPITAL, INC. | :<br>:<br>: |
| and | :<br>: |
| HATCH HOSPITAL CORP.,<br>　　　Defendants. | :<br>: October 29, 2003 |

**RULE 16 JOINT STATUS REPORT**

In accordance with the Court's Status Conference Order dated June 23, 2003 and pursuant to Rule 16 of the Federal Rules of Civil Procedure, the parties hereby submit this joint statement in anticipation of the Status Conference to be held in this case on November 6, 2003.

1.　**Nature of the Case**

This is a wrongful discharge action involving Plaintiff, Barbara Campbell's employment by the Defendants. In this case the Plaintiff contends that she was discriminated against and terminated by the Defendant on the basis of gender and religion in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, and the Connecticut Fair Employment Practices Act, C.G.S. §46a-60 et. seq.　The Plaintiff additionally contends that she was wrongfully discharged in violation of Connecticut public policy. Specifically she contends that she was terminated for her conduct in correcting information which she disagreed with in her personnel file, for submitting a written statement of her position to be kept in her personnel file, and for opposing

religious discrimination in a place of public accommodation.  Finally, Plaintiff contends that she was terminated in violation of C.G.S. §31-51q.  The Plaintiff claims that she has suffered pain and suffering, economic losses, and other damages as a result of the defendant's illegal acts.  The Plaintiff seeks injunctive relief, compensatory and punitive damages and attorneys fees.  This case does not have a relationship to any other pending actions.

2.     **Disputed Issues of Fact and Law**

Most of the allegations of the Complaint are disputed.  Disputed issues of fact and law may include: (1) whether the Defendant provided the Plaintiff with a bad evaluation, extended her probation and/or discharged her, in motivating part due to her gender, religion or opposition to discriminatory practices in violation of Title VII and the Connecticut Fair Employment Practices Act;  (2) whether the Plaintiff engaged in speech protected by C.G.S. § 31-51q; (3) whether the Defendant discharged the Plaintiff in motivating part due to her protected speech in violation of C.G.S. § 31-51q; (4) whether the Defendant discharged the Plaintiff in motivating part because of her conduct in correcting information which she disagreed with in her personnel file and/or for submitting a written statement of her position to be kept in her personnel file as permitted by C.G.S. §31-128e; (5) whether the provisions of C.G.S. §31-128e are statements of important public policies of the State of Connecticut;  (6)  whether  the Defendant discharged the Plaintiff in motivating part because of her conduct in opposing religious discrimination and/or promotion of a particular religion in a place of public accommodation; (7) whether prohibiting places of public accommodation from engaging in religious discrimination and/or from promotion of a particular religion are important public policies of the State of Connecticut: (8) whether the Plaintiff mitigated her damages; (9) whether the Plaintiff's claims are timely; and (10) the amount and nature of the Plaintiff's damages.  The Defendants contend that until discovery is further along, they will not know for certain which issues are disputed and which are

2

not.

3. **Status of Discovery**

The parties have exchanged written discovery. Substantive interrogatories have been answered and hundreds of pages of documents have been exchanged. There are still a few discovery disputes outstanding, but the parties are presently attempting to resolve them. The parties have been able to resolve all of the discovery disputes to date without involvement of the court. The deposition of the plaintiff has been begun, but has not yet been completed. The plaintiff has taken two depositions, including the deposition of one of the decision makers. The plaintiff intends to take the deposition of a number of additional witnesses. The parties believes that discovery can be completed by February 28, 2003 as required by the 26f Report.

4. **Filing of Dispositive Motion**

The Defendants have indicated that they cannot yet determine with certainty whether dispositive motions will be filed in this case, and what the precise grounds for such motions might be. At present, and subject to further discovery, defendants are considering filing a motion for summary judgment with respect to Plaintiff's claims of gender and religious discrimination under Title VII and the Connecticut Fair Employment Practices Act on the grounds that they do not appear any genuine issues of material fact and that Defendants are entitled to judgment on those claims as a matter of law.

5. **Filing of Additional Pleadings**

The parties are not currently aware of any additional pleadings that need to be filed.

6. **Trial Readiness**

The parties believe that the case will be ready for trial within 45 days of any

ruling on a dispositive motion, or within 45 days of February 28, 2003. While it is too early to be certain, the parties believe that trial will take approximately 5 trial days.

7.  **Additional Preparation**

No additional preparation is currently anticipated.

8.  **Action by the Court**

No additional action from the Court is currently required.

9.  **Settlement Discussions**

Settlement discussions with Magistrate Judge Fitzsimmons took place on October 22, 2003. The parties substantively discussed settlement in good faith at that time, but there was a significant difference in how the parties viewed the case. It does not appear likely that further settlement discussions at this time will be fruitful. The parties are not aware of any additional discovery or motion practice that will facilitate settlement discussions.

10. **Trial by Magistrate Judge**

Counsel have discussed the option of consent to referral for trial by a Magistrate Judge with their respective clients. Neither party is currently willing to consent to referral.

Respectfully submitted,

| THE PLAINTIFF | THE DEFENDANT |
|---|---|
| *[signature]* | *William J. Albany* |
| Mary E. Kelly ct07419 | Stephen B. Harris/William J. Albinger ct18861 |
| Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C. | Wiggin & Dana, LLP |
| Prospect Avenue | One Century Tower |
| Hartford, CT 06105-2922 | 265 Church Street |
| (860) 233-9821 | New Haven, CT 06510-7001 |
|  | (203) 498-4304 |