UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BARBARA CAMPBELL | : | CIVIL ACTION NO. |
| Plaintiff | : | 3:03 CV 0520 (JCH) |
| V. | : | |
| WINDHAM COMMUNITY HOSPITAL, INC. | : | |
| HATCH HOSPITAL CORP. | : | |
| Defendants. | : | JUNE 16, 2004 |

## AFFIDAVIT

I, Mary E. Kelly being duly sworn, do aver as follows:

1. I am over 18 years of age and I understand the meaning of an oath.

2. I represent the plaintiff in this matter.

3. On or about July 25, 2003, I caused to be served on the defendant a set of written discovery requests.

4. The defendant provided objections and some responses to plaintiff's written discovery on or about September 15, 2003.

5. Subsequently, I attempted to narrow or resolve outstanding disputes over the written discovery with opposing counsel. These resulted in supplemental responses being filed on October 10, 2003 and November 18, 2003.

6. On or about March 12, 2004, I caused to be served on the defendant a second set of written discovery requests.

7. The defendant provided objections and some responses to plaintiff's written discovery on or about April 12, 2004. Based on the defendant's description of

the complaints and concerns allegedly made by Clairmont, Johnson, Carey, Dayton and Moore, and because of the deposition testimony of Dawn Noel and Vincent Stevens about the complaints made to them, I decided that it was not necessary to depose these witnesses.  Had I known that these were the witnesses who had allegedly complained to Allison Breault that they were unwilling to work with the plaintiff, their depositions would have been taken.

      8.      On or about May 27, 2004, after the close of discovery, the defendant provided  supplemental responses.

      9.      On May 28, 2004, I notified defendant's counsel of my desire to take very short depositions of each of the five witnesses.   I offered to take then all on one day at the Hospital.

      10.      Between May 28, 2004, and June 11, 2004, I spoke to opposing counsel on several occasions in an attempt to resolve this and several other discovery disputes. I believed that this was a reasonable approach because we had been able to resolve all other discovery and scheduling disputes without requiring Court intervention.   Counsel indicated that he was unlikely to agree to reopen discovery but agreed to speak to his client.

      11.      On the afternoon of June 11, 2004, defendant's counsel sent me an e-mail indicating  that he had spoken to his client and that the defendant would not agree to  reopening discovery to take these depositions.

      12.      On June 14, 2004, in response to a question from me, opposing counsel indicated that the defendant was reserving its right to present evidence at trial of the alleged complaints of Clairmont, Johnson, Carey, Dayton and Moore.

13. On June 14, 2004, I began work on the instant motion.

14. I have read the foregoing Affidavit and I swear that it is true and correct to the best of my knowledge and belief.

_____
Mary E. Kelly

Subscribed and sworn to before me on this        day of June 2004.

_____
Commissioner of the Superior Court